**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000682
03-MAY-2018
12:58 PM**

NO. CAAP-17-0000682

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

MARY LYNN KILGORE BARNARD, Claimant/Appellant/Appellant,
v.
9TH LIFE HAWAII, Employer/Appellee/Appellee,
and
SPECIAL COMPENSATION FUND, Appellee

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2016-348(M) (7-16-00331))

ORDER GRANTING SEPTEMBER 28, 2017 MOTION TO DISMISS
APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, Leonard and Reifurth, JJ.)

Upon consideration of (1) Employer/Appellee/Appellee 9th Life Hawaii's (9th Life Hawaii) September 28, 2017 motion to dismiss appellate court case number CAAP-17-0000682 for lack of appellate jurisdiction, and (2) the record that the clerk of the Labor and Industrial Relations Appeals Board[1] (LIRAB) filed on April 5, 2018,[2] it appears that we lack appellate jurisdiction over Claimant/Appellant/Appellant Kilgore Barnard's (Kilgore Barnard) appeal from the LIRAB's September 6, 2017 interlocutory order in LIRAB Case No. 2016-348 (M), because the September 6, 2017 interlocutory order does not qualify as an appealable final

---

[1]    At all relevant times, the Labor and Industrial Relations Appeals Board appears to have been composed of Chair Danny J. Vasconcellos, Member Melanie S. Matsui and Member Marie C. Laderta in LIRAB Case No. AB 2016-348 (M).

[2]    Kilgore Barnard, pro se, filed no response to the September 28, 2017 motion.

order under Hawaii Revised Statutes (HRS) § 386-88 (2015) and HRS § 91-14(a) (2012 & Supp. 2017).

While HRS § 386-88 authorizes an appeal from a LIRAB final order directly to this court, HRS § 91-14(a) governs the appealability requirements for any LIRAB order.

> For purposes of HRS § 91-14(a), we have defined "final order" to mean an order ending the proceedings, leaving nothing further to be accomplished. . . . Consequently, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action.

Bocalbos v. Kapiolani Med. Ctr., 89 Hawaiʻi 436, 439, 974 P.2d 1026, 1029 (1999) (citation and some internal quotation marks omitted).

When the LIRAB's determination of a claimant's workers' compensation claim for benefits "has not been made[,] . . . the requisite decree of finality is lacking with respect to th[e] case[,]" and the appellate court lacks jurisdiction. Mitchell v. State Dep't. of Educ., 77 Hawaiʻi 305, 308, 884 P.2d 368, 371 (1994) (citation omitted); see also Williams v. Kleenco, 2 Haw. App. 219, 629 P.2d 125, (1981) (dismissing an appeal from a LIRAB decision and order remanding the matter to the Director with instructions to determine the amount of the award, because such a decision and order is not final and appealable).

In the instant case, the September 6, 2017 interlocutory order does not finally adjudicate a benefit or penalty under the worker's compensation law. Instead, the September 6, 2017 interlocutory order is a preliminary order that closes the record on appeal for LIRAB Case No. AB 2016-348 (M), provides a then-future November 8, 2017 deadline for the parties to file their respective future post-trial briefs in LIRAB Case No. AB 2016-348 (M), denies 9th Life Hawaii's motion to dismiss Kilgore Barnard's appeal in LIRAB Case No. AB 2016-348 (M), declares the issue that the LIRAB intends to eventually resolve in LIRAB Case No. AB 2016-348 (M), and declares which exhibits the LIRAB accepts into evidence and excludes from evidence in LIRAB Case No. AB 2016-348 (M). The LIRAB has neither announced nor entered its final decision and order regarding any benefit or

penalty in LIRAB Case No. AB 2016-348 (M).  Consequently the September 6, 2017 interlocutory order lacks the requisite finality under HRS § 91-14(a) to qualify as an appealable final order under HRS § 386-88.  Absent an appealable final decision and order, we lack appellate jurisdiction, and Kilgore Barnard's appeal is premature.

Therefore, IT IS HEREBY ORDERED that 9th Life Hawaii's September 28, 2017 motion to dismiss this appeal is granted, and appellate court case number CAAP-17-0000682 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, May 3, 2018.

Chief Judge

Associate Judge

Associate Judge